UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARIANNE FEZZA and JAMES K. DUANE, Individually and on Behalf of all Other Persons Similarly Situated,<br><br>Plaintiffs,<br><br>-against-<br><br>JP MORGAN CHASE & CO and,<br>JP MORGAN CHASE BANK, N.A.,<br><br>Defendants. | Case No.<br><br><br><br>COMPLAINT AND<br>JURY DEMAND |

## NATURE OF THE ACTION

1. Plaintiffs allege on behalf of themselves and others similarly situated current and former employees of the Defendants as IT support personnel and employees holding comparable positions with different titles and who elect to opt into this action that they are entitled to unpaid wages from Defendants pursuant to: (1) the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), for work for which they did not receive compensation for all of the hours worked by them as well as overtime premium pay, as required by law; (2) the New Jersey Wage Payment Law, N.J.S.A. 34:11-56a1, *et seq.* ("NJWPL") for work for which they did not receive compensation for all of the hours worked by them as well as overtime premium pay, as required by law; and, (3) the Pennsylvania Minimum Wage Act of 1968 ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 P.S. §§ 260.1, *et seq.*

2. The New Jersey Class (Rule 23) is made up of all persons who are or have been employed by Defendants as "IT Support Technicians" and "Information Analysts" and other non-management, computer technicians who were misclassified as exempt, and therefore erroneously denied overtime, as required by state wage and hour laws, and/or were not paid fully within the State of New Jersey within two (2) years prior to the filing date of this Complaint (the "New Jersey Class ").

3. The Pennsylvania Class (Rule 23) is made up of all persons who are or have been employed by Defendants as "IT Support Technicians" and "Information Analysts" and other non-management, computer technicians who were misclassified as exempt, and therefore erroneously denied overtime, as required by state wage and hour laws, and/or were not paid fully within the State of Pennsylvania within three (3) years prior to the filing date of this Complaint (the "Pennsylvania Class ").

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

5. This Court also has subject matter jurisdiction over the NJWHA, the PMWA and the PWPCL pursuant to 28 U.S.C. § 1332(d)(2)("CAFA") because the Defendants are citizens of the State of Delaware and the members of the Class alleged herein include persons who have a different citizenship from Defendants; there are at least 100 members in each of the proposed classes; and, the amount in controversy, aggregated, exceeds the sum of $5 million, exclusive of interests and costs.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391 as Plaintiff Duane is a resident of this district and/or Defendants maintain their corporate headquarters in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

8. Plaintiff, Marianne Fezza was, at all relevant times, an adult individual, residing in Wayne County, Pennsylvania. Plaintiff Fezza was employed as an IT support technician at Defendants' offices in Pennsylvania from May 1984 until on or about December 31, 2005.

9. Plaintiff, James K. Duane, was at all relevant times, an adult individual, residing in Bronx County, New York. Plaintiff Duane was employed as an information analyst at Defendants' offices in New Jersey, from in or about September 1990 until in or about December, 2006.

10. Upon information and belief, Defendant, JP Morgan Chase & Co. is a corporation organized and existing under the law of the State of Delaware, headquartered in New York, New York, and is registered to do business in New York.

11. Upon information and belief, Defendant, JP Morgan Chase Bank, N.A., is organized and existing under the laws of the State of Delaware, headquartered in New York, New York, and is registered to do business in New York.

## COLLECTIVE ACTION ALLEGATIONS

12. Pursuant to 29 U.S.C. §2 07, Plaintiffs seek to prosecute their FLSA claims as a collective action on behalf of all persons who are or were formerly employed by Defendants in the United States at any time since March 24, 2005 to the entry of judgment in this case (the

"Collective Action Period"), as IT support technicians, information analysts and other employees holding comparable positions with different titles, who were non-exempt employees within the meaning of the FLSA yet received no compensation for all of the hours that they worked as well as overtime at rates not less than one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members"). The Collective Action Class does not include Chase's directors, officers or members of their families.

13. This collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are at least 200 members of the Class during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys or knowledge of their claims.

14. Plaintiffs will fairly and adequately protect the interests of the Collective Action Members and have retained counsel who are experienced and competent in the fields of employment law and class action litigation. Plaintiffs have no interest that is contrary to or in conflict with those members of this collective action.

15. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

16. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiffs and other Collective Action Members are:

a. whether Defendants employed the Collective Action Members within the meaning of the FLSA;

b. what proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

c. whether Defendants failed to post or keep posted a notice explaining the minimum wages and overtime pay rights provided by the FLSA in any area where Plaintiffs are employed, in violation of 29 C.F.R. § 516.4;

d. whether Defendants failed to pay the Collective Action Members for all of the hours worked by them as well as overtime compensation for hours worked in excess of forty hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

e. whether Defendants' violations of the FLSA are willful as that term is used within the context of the FLSA;

f. whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interest, costs and disbursements and attorneys' fees; and

g. whether Defendants should be enjoined from such violations of the FLSA in the future.

17. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

## CLASS ALLEGATIONS

### The New Jersey Class

18. Plaintiff Duane sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

19. Plaintiff Duane brings his NJWPL claim on behalf of all persons who were employed by Defendants in the State of New Jersey at any time within two (2) years from the date of the filing of this Complaint, to the entry of judgment in this case (the "New Jersey Class Period") and held the positions of information analysts, IT support technicians and other employees holding comparable positions with different titles and who were misclassified as exempt, and therefore erroneously denied overtime, as required by the NJWPL and have not been paid overtime wages and/or were not paid fully for overtime hours worked within the State of New Jersey (the "New Jersey Class").

20. The persons in the New Jersey Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 150 members of the New Jersey Class during the New Jersey Class Period.

21. The claims of Plaintiff Duane are typical of the claims of the New Jersey Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual

plaintiffs lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

22. The Defendants have acted or refused to act on grounds generally applicable to the New Jersey Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

23. Plaintiff Duane is committed to pursuing this NJWPL action and has retained competent counsel experienced in employment law and class action litigation.

24. Plaintiff Duane has the same interests in this matter as all other members of the New Jersey Class and his claims are typical of the New Jersey Class.

25. There are questions of law and fact common to the New Jersey Class which predominate over any questions solely affecting the individual members of the New Jersey Class, including but not limited to:

    a. whether the Defendants employed the members of the New Jersey Class within the meaning of the NJWPL;

    b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

    c. whether Defendants failed and/or refused to pay the members of the New Jersey Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the NJWPL;

    d. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

e. whether the Defendants should be enjoined from such violations of the NJWPL in the future.

### Pennsylvania Class

26. Plaintiff Fezza sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

27. Plaintiff Fezza brings her PMWA and PWPCL claims on behalf of all persons who were employed by Defendants in the State of Pennsylvania at any time within three (3) years from the date of the filing of this Complaint, to the entry of judgment in this case (the "Pennsylvania Class Period") and held the positions of information analysts, IT support technicians and other employees holding comparable positions with different titles and who were misclassified as exempt, and therefore erroneously denied overtime, as required by the PMWA and PWPCL and have not been paid overtime wages and/or were not paid fully for overtime hours worked within the State of Pennsylvania (the "Pennsylvania Class").

28. The persons in the Pennsylvania Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are at least 150 members of the Pennsylvania Class during the Pennsylvania Class Period.

29. The claims of Plaintiff Fezza are typical of the claims of the Pennsylvania Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy — particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit against a corporate defendant.

30. The Defendants have acted or refused to act on grounds generally applicable to the Pennsylvania Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

31. Plaintiff Fezza is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

32. Plaintiff Fezza has the same interests in this matter as all other members of the Pennsylvania Class and her claims are typical of the Pennsylvania Class.

33. There are questions of law and fact common to the Pennsylvania Class which predominate over any questions solely affecting the individual members of the Pennsylvania Class, including but not limited to:

   a. whether the Defendants employed the members of the Pennsylvania Class within the meaning of the PMWA and PWPCL;

   b. what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

   c. whether Defendants failed and/or refused to pay the members of the Pennsylvania Class premium pay for hours worked in excess of forty hours per workweek within the meaning of the PMWA and PWPCL;

   d. whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, punitive and statutory damages, interests, costs and disbursements and attorneys' fees; and

   e. whether the Defendants should be enjoined from such violations of the PMWA and PWPCL in the future.

## **STATEMENT OF FACTS**

34. Defendants are among the largest financial services companies providing consumer and commercial banking services worldwide.

35. At all relevant times, Fezza was employed as an IT support technician for Defendants (or their predecessors in interest) from in or about May 1984 until on or about December 31, 2005. Fezza's duties included but were not limited to, data entry; i.e., transcribing some form of data into another form.

36. Plaintiff Duane was employed as an information analyst for Defendants (or their predecessors in interest) from on or about September 1990 until on or about December 2006. Duane's duties included, but were not limited to installing and/or maintaining computer hardware for Defendants by following well-established company instructions and procedure.

37. Plaintiffs' work was performed for the benefit of the Defendants, in the normal course of the Defendants' business and was integrated into the business of the Defendants.

38. The work performed by Plaintiffs required little skill and no capital investment. Their duties did not include managerial responsibilities or the exercise of independent judgment.

39. Plaintiffs often worked in excess of 40 hours a week, yet Defendants willfully failed to pay Plaintiffs for all of the hours worked by them as well as overtime compensation of one and one-half times their regular hourly rate in violation of the FLSA, the NJWPL and the PMWA and PWPCL.

40. Upon information and belief, it is Defendants' uniform policy and procedure not to pay compensation to Plaintiffs and other employees in the same or similar positions, for all of the hours worked by them as well as overtime compensation.

41. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs, the Collective Action Members, the New Jersey Class and the Pennsylvania Class, Defendants failed to maintain accurate and sufficient time records.

42. Throughout all relevant time periods, upon information and belief, and during the course of Plaintiffs' own employment, while Defendants employed Plaintiffs and the Collective Action Members, Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights required by the FLSA, the NJWPL and the PMWA and PWPCL.

## FIRST CLAIM FOR RELIEF
## FAIR LABOR STANDARDS ACT

43. Plaintiffs, on behalf of themselves and all Collective Action Members, reallege and incorporate by reference paragraphs 1 through 42 as if they were set forth again herein.

44. At all relevant times, Defendants have been and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

45. At all relevant times, Defendants employed, and/or continue to employ, Plaintiffs and each of the Collective Action Members within the meaning of the FLSA.

46. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

47. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

48. Upon information and belief, at all relevant times, Defendants had a policy and practice of refusing to pay compensation to its employees for all of their hours worked as well as overtime compensation for hours worked in excess of forty hours per workweek.

49. As a result of Defendants' willful failure to compensate its employees, including Plaintiffs and the Collective Action Members, for all of the hours worked by them as well as at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, Defendants have violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

50. As a result of Defendants' failure to record, report, credit and/or compensate its employees, including Plaintiffs and the Collective Action members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

51. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to Defendants' FLSA violations, Plaintiffs, on behalf of themselves and the Collective Action Members, are entitled to recover from Defendants, their unpaid compensation as well as overtime compensation, an additional amount equal as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM FOR RELIEF
### NJWPL

53. Plaintiff Duane, on behalf of himself and all New Jersey Class Members, reallege and incorporate by reference paragraphs 1 through 42 as if they were set forth again herein.

54. Defendants have engaged in a widespread pattern, policy, and practice of violating the NJWPL.

55. Defendants are employers within the meaning of the term employer in the NJWPL. Defendants have employed or continue to employ individuals, including Plaintiff Duane and each member of the prospective New Jersey Class as employees within the meaning of "employ," "individuals," and "employees," in the NJWPL.

56. Defendants have failed to pay Mr. Duane and the New Jersey Class members overtime compensation at a rate of one and one-half times their regular hourly wages for each hour of working time in excess of forty (40) hours in a workweek as required by the NJWPL.

57. Upon information and belief, Defendants have failed to keep true and accurate records of the hours worked by Mr. Duane and the New Jersey Class members in violation of the NJWPL.

58. Defendants' violation of the NJWPL, as described in this Complaint, has been willful and intentional.

59. As a direct and proximate cause of Defendants' willful and intentional violation of NJWPL, Plaintiffs have suffered damages that they are entitled to recover from Defendant.

## THIRD CLAIM FOR RELIEF
## PMWA and PWPCL

60. Plaintiff Fezza, on behalf of herself and all Pennsylvania Class Members, realleges and incorporates by reference paragraphs 1 through 42 as if they were set forth again herein.

61. The PMWA and/or the PWPCL require that employees receive overtime compensation not less than one and one-half times the employee's regular rate of pay for all hours worked over 40 in a workweek

62. The PMWA and/or the PWPCL require employers to maintain detailed time and payroll data concerning all covered employees.

63. Plaintiff Fezza and the Pennsylvania Class are covered employees entitled to the above-described PMWA and PWPCL protections.

64. Defendants violated the PMWA and PWPCL by failing to compensate Plaintiff Fezza and the Pennsylvania Class for all hours worked, failing to pay them the legally mandated overtime premium and failing to maintain time and payroll data in compliance with state law.

65. In violating the PMWA and the PWPCL, the Defendants acted willfully and with reckless disregard of clearly applicable PMWA and PWPCL provisions.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs on behalf of themselves and all other similarly situated Collective Action Members, New Jersey Class Members and Pennsylvania Class Members, respectfully request that this Court grant the following relief:

    a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. §216(b) to all

similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiffs and their counsel to represent the Collective Action Members and tolling of the statue of limitations;

b. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the New Jersey Class and appointing Plaintiff Duane and his counsel to represent the Class;

c. Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Pennsylvania Class and appointing Plaintiff Fezza and her counsel to represent the Class;

d. A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NJWPL and the PMWA and/or PWPCL;

e. An injunction against Defendants and their officers, agents, successors, employees, representatives and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

f. An award of unpaid compensation and overtime compensation due under the FLSA, the NJWPL and the PMWA and/or PWPCL;

g. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay compensation and overtime compensation pursuant to 29 U.S.C. § 216, the NJWPL and the PMWA and/or PWPCL;

h. An award of prejudgment and post-judgment interest;

i. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

j. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
March 24, 2008

By: _____
Fran L. Rudich (FR 7577)

Seth R. Lesser (SL 5560)
Fran L. Rudich (FR 7577)
LOCKS LAW FIRM, PLLC
110 East 55th Street, 12th Floor
New York, New York 10022
Telephone: (212) 838-3333
Facsimile: (212) 838-3735

Jeffrey M. Gottlieb (JG 7905)
BERGER & GOTTLIEB
150 East 18th Street, Suite PHR
New York, New York 10003
Telephone (212) 228-9795

**ATTORNEYS FOR PLAINTIFF**